# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAFT JONES, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Civil Action No. 18-13943 (RBK) (AMD) <br><br> **MEMORANDUM OPINION AND ORDER** |

Before the Court is Plaintiff Shaft Jones' response to the Court's Order to Show Cause (ECF No. 6) and proposed amended complaint (ECF No. 7), which the Court will construe as a motion to amend. The Court has reviewed Plaintiff's response and finds that he has sufficiently shown cause as to why the Court should not dismiss this matter for failure to exhaust. Ordinarily, the Court would now screen the remainder of the Complaint and *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, however, has attempted to file a piecemeal amended complaint, which adds some parties and claims, modifies others, and fails to include the bulk of the initial Complaint's factual allegations. Plaintiff may not have been aware, but "any attempt to amend or supplement his Complaint must conform to Federal Rule of Civil Procedure 15, and an amended complaint, once accepted by the Court, replaces. . . [any earlier] complaint and renders it inoperative." *Iantosca v. Magnone*, No. 16-9497, 2017 WL 3065214, at *4 (D.N.J. July 19, 2017); *see also, e.g., Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

Stated differently, when a person files an amended complaint, it replaces all prior versions of the complaint, and the original complaint no longer performs any function in the case. *E.g.*, *Wilson v. Martone*, No. 11-5337, 2012 WL 715319, at *5 (D.N.J. Mar. 5, 2012). While Plaintiff's amended complaint may certainly *specifically incorporate* facts and allegations in the original complaint, "the best course of action is to have Plaintiff file" an amended complaint that is complete in itself. *Id.*; *see, e.g.*, *Mendez v. New Jersey State Lottery Comm'n*, No. 11-6932, 2012 WL 13034339, at *1 (D.N.J. Apr. 11, 2012).

Accordingly, the Court will grant in part Plaintiff's motion to amend and direct Plaintiff to submit an all-inclusive amended complaint. Plaintiff should include all of the facts and allegations he seeks to assert against all Defendants, including those related to exhaustion. This case is subject to *sua sponte* screening by the Court, upon receiving Plaintiff's all-inclusive amended complaint, the Court will screen the new pleading in due course.

THEREFORE, it is on this  28th  day of August 2019, hereby

**ORDERED** that Plaintiff's motion to amend (ECF No. 7) is GRANTED IN PART; and it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) and piecemeal amended complaint (ECF No. 7), are **administratively terminated**; and it is further

**ORDERED** that Plaintiff shall prepare and file a comprehensive proposed amended complaint, complete in all respects, within forty-five (45) days of this Order; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with a copy of this Memorandum Opinion and Order via regular U.S. mail.

s/Robert B. Kugler_____  
ROBERT B. KUGLER  
United States District Judge